Matter of Zuhlke v Lake George Cent. Sch. Dist. (2023 NY Slip Op 05170)

Matter of Zuhlke v Lake George Cent. Sch. Dist.

2023 NY Slip Op 05170

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

534831
[*1]In the Matter of the Claim of Susan Zuhlke, Appellant,
v
Lake George Central School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Walsh and Hacker, Albany (Scott R. Toth of counsel), for Lake George Central School District and another, respondents.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 24, 2021, which ruled, among other things, that claimant was entitled to a 15% schedule loss of use award for her right leg, and (2) from a decision of said Board, filed February 3, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a teacher, has an established claim for injuries resulting from October 2018 fractures to her right ankle and right knee/tibia. The underlying claim subsequently was amended in December 2020 to include causally-related fibular neuropathy in claimant's right foot. As relevant here, claimant was evaluated by two independent medical examiners — both of whom concluded that claimant had reached maximum medical improvement and that a schedule loss of use (hereinafter SLU) award was warranted. The parties reached an agreement with respect to the right ankle — stipulating that claimant was entitled to a 25.8% SLU award for her right foot — but disagreed as to the appropriate percentage to be awarded for claimant's right knee. Following depositions of the carrier's consultant,[FN1] a Workers' Compensation Law Judge, among other things, awarded claimant a 15% SLU of her right knee. Upon administrative review, the Workers' Compensation Board affirmed. Claimant's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.
"Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determinations in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d 1193, 1194 [3d Dept 2022]; Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d 1873, 1874 [3d Dept 2020]). "The amount of an SLU award is based upon the body member that was injured and the degree of impairment sustained; it is not allocable to any particular period of disability and is independent of any time that the claimant might lose from work" (Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [3d Dept 2020] [internal quotation marks and citations omitted], affd 38 NY3d 431 [2022]). In this regard, "the Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage to be assigned to a specific injury, and, to that end, the Board is free to accept or reject portions of a medical expert's opinion" (Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d at 1194-1195 [internal quotation marks and citations omitted]; see Matter of Harmon v Office of Children & Family Servs., 206 AD3d 1214, 1215 [3d Dept 2022]).
The carrier's consultant opined that, based upon application of the impairment guidelines, claimant had sustained a 15% SLU of her right [*2]knee.[FN2] As set forth in the guidelines, the first step in calculating an SLU of the knee is to "assess whether any special considerations apply" (New York Workers' Compensation Guidelines for Determining Impairment § 7.4 at 42 [2018]). The guidelines list 13 "special considerations that have enumerated [SLU] values," including, as relevant here, special consideration 7, which provides that a "[f]racture of [the] tibial plateau equals 10-15% loss of use of the leg" (New York Workers' Compensation Guidelines for Determining Impairment § 7.5, special consideration 7 at 43 [2018]). Notably, and consistent with numerous prior Board decisions (see e.g. Employer: Kiewit-Shea Constructors JV, 2021 WL 1312127, *2-3, 2021 NY Wrk Comp LEXIS 2075 [WCB No. G239 8534, Mar. 31, 2021]; Employer: St Timothy Lutheran Church, 2021 WL 1227244, *2-3, 2021 NY Wrk Comp LEXIS 1861 [WCB No. G174 4308, Mar. 25, 2021]; Employer: NYS Assoc for Retarded Children, 2020 WL 503986, *2, 2020 NY Wrk Comp LEXIS 9305, *3-4 [WCB No. G188 2805, Jan. 23, 2020]), the guidelines permit other deficits to be added to the SLU percentage only "when specified or when no schedule value is provided" (New York Workers' Compensation Guidelines for Determining Impairment § 7.5 at 43 [2018]). Although the carrier's consultant acknowledged that claimant's range of motion deficits otherwise would result in a larger SLU percentage and corresponding award, he testified that, because claimant's deficits were attributable solely to her tibial plateau fracture, special consideration 7 limited claimant to a 15% SLU of her right knee.
Meanwhile, claimant's consultant opined that claimant sustained a 28.6% SLU of her right knee. The consultant, however, neither explained how he arrived at that figure nor appears to have factored in application of special consideration 7. In any event, the Board was free to credit the opinion of the carrier's consultant (see Matter of Harmon v Office of Children & Family Servs., 206 AD3d at 1216). As the interpretation of special consideration 7 rendered by the carrier's consultant is entirely consistent with the plain language of the impairment guidelines, as well as the Board's prior decisions on this point, substantial evidence supports the Board's finding that claimant sustained a 15% SLU of her right knee. Contrary to claimant's assertion, this Court's prior decision in Matter of Blue v New York State Off. of Children & Family Servs. (206 AD3d 1126 [3d Dept 2022]) does not warrant a contrary result. Although the claimant in that case had been diagnosed with a condition that triggered application of special condition 4, which otherwise would have limited the applicable SLU award to no more than 10% (see New York Workers' Compensation Guidelines for Determining Impairment § 7.5, special consideration 4 at 43 [2018]), the claimant in Blue also had suffered a causally-related medial meniscus tear (see Matter of Blue v New York State Off. of Children & Family Servs., 206 AD3d [*3]at 1126-1127). Here, however, the carrier's consultant opined that the range of motion deficits present in claimant's right knee were attributable solely to her tibial plateau fracture and, hence, special consideration 7 applied to limit the appropriate SLU award.
Finally, the Board did not abuse its discretion in denying claimant's application for reconsideration and/or full Board review. "To succeed on an application for reconsideration and/or full Board review, the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Ward v NYC Tr. Auth., 214 AD3d at 1280 [internal quotation marks and citations omitted]). Claimant failed to make any such showing here. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and lack merit.
Garry, P.J., Egan Jr., McShan and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: The self-insured employer waived examination of claimant's consultant.

Footnote 2: Impairments to the knee are encompassed by an award for the loss of use of the leg, which, in turn, is the specified body part or member (see Workers' Compensation Law § 15 [3]; Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d at 1874-1875; Matter of Johnson v City of New York, 180 AD3d at 1136; New York Workers' Compensation Guidelines for Determining Impairment § 1.5 at 8 [2018]).