Matter of Maini v Nassau County Police Dept. (2025 NY Slip Op 07062)

Matter of Maini v Nassau County Police Dept.

2025 NY Slip Op 07062

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-2052
[*1]In the Matter of the Claim of John Maini, Appellant,
v
Nassau County Police Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (Jesse Sigismonti of counsel), for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Nassau County Police Department and another, respondents.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed September 10, 2024, which ruled, among other things, that claimant was entitled to a 22.5% schedule loss of use award for his left foot.
Claimant has an established workers' compensation claim resulting from suffering a ruptured left Achilles tendon while working in June 2022. In August 2023, claimant's treating physician, an orthopedic surgeon, concluded that claimant had reached maximum medical improvement and that he was entitled to a schedule loss of use (hereinafter SLU) award for the left foot of 40%. The orthopedic surgeon who examined claimant on behalf of the employer opined that claimant was entitled to a 22.5% SLU award for the left foot. Following depositions of both medical experts, a Workers' Compensation Law Judge, among other things, found that claimant had sustained a 40% SLU of his left foot. Upon administrative review, the Workers' Compensation Board modified the Workers' Compensation Law Judge's decision, ruling, among other things, that claimant was entitled to a 22.5% SLU award for his left foot. Claimant appeals.
We affirm. "An SLU award is designed to compensate an injured worker for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Schuette v Consolidated Edison Co. of N.Y., 225 AD3d 1064, 1067 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Webster v Office of Children & Family Servs., 233 AD3d 1228, 1229 [3d Dept 2024]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determinations in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Vujeva v Dairy Conveyor Corp., 237 AD3d 1433, 1434 [3d Dept 2025]). "[T]he Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage to be assigned to a specific injury, and, to that end, the Board is free to accept or reject portions of a medical expert's opinion" (Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d 1193, 1194-1195 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of James v Premier Home Health Care, 232 AD3d 1017, 1019 [3d Dept 2024]).
The 2018 Workers' Compensation Guidelines for Determining Impairment instruct that, in order to determine the overall SLU of the foot, "first assess whether any special considerations apply" (New York Workers' Compensation Guidelines for Determining Impairment § 8.4 at 48 [2018]). The 2018 guidelines list seven special considerations applicable to SLU awards for the foot, including, as relevant here, special consideration 6, which provides that "[r]upture of the Achilles tendon equals [*2]an average 20-25% loss of the foot" (New York Workers' Compensation Guidelines for Determining Impairment § 8.5 at 49 [2018]). Significantly, the 2018 guidelines only permit other deficits to be added to the SLU values enumerated in the special conditions for the foot "when specified or when no schedule value is provided" (New York Workers' Compensation Guidelines for Determining Impairment § 8.5 at 49 [2018]). As to range of motion deficits, when such deficits are solely attributable to a condition included in the special considerations, the total SLU award is limited to the value assigned to the special consideration, and range of motion deficits may not be used to increase the SLU award (see Matter of Zuhlke v Lake George Cent. Sch. Dist., 220 AD3d 1028, 1029-1030 [3d Dept 2023]; compare Matter of Garrow v Lowe's Home Ctrs. Inc., 227 AD3d 1242, 1243-1244 [3d Dept 2024]; Matter of Blue v New York State Off. of Children & Family Servs., 206 AD3d 1126, 1129-1131 [3d Dept 2022]).
Based upon his examination of claimant that resulted in a finding of a "mild" disability, and taking into account special consideration 6, the employer's consultant opined that claimant had sustained a 22.5% SLU of his left foot due to the Achilles tendon rupture. Although the consultant measured a loss of range of motion of the foot, he testified that the loss of range of motion was attributable to the Achilles tendon rupture and, pursuant to the 2018 guidelines, it should not be added on to the SLU awarded under special consideration 6. Claimant's treating physician opined that, pursuant to special consideration 6, claimant had sustained a 25% SLU of the left foot due to the Achilles tendon rupture and the physician's observation of atrophy in claimant's calf muscle of his left leg. Claimant's physician also measured a loss of range of motion that he equated to a 15% SLU that he added to his finding of a 25% SLU pursuant to special consideration 6, resulting in a 40% SLU award for the left foot. Claimant's physician did not attribute claimant's loss of motion to any condition other than the Achilles tendon rupture.[FN1] Given that the interpretation of special consideration 6 by the employer's consultant is consistent with the plain language of the 2018 guidelines and our decision in Matter of Zuhlke, the Board properly credited his opinion over that of claimant's treating physician (see Matter of Vujeva v Dairy Conveyor Corp., 237 AD3d at 1436; Matter of Haven v F & F Custom Constr. Inc., 165 AD3d 1353, 1355 [3d Dept 2018]). Accordingly, substantial evidence supports the Board's determination that claimant sustained a 22.5% SLU of the left foot (see Matter of Zuhlke v Lake George Cent. Sch. Dist., 220 AD3d at 1030).
Reynolds Fitzgerald, J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although, in his brief, claimant relies on an October 2024 letter from his treating physician in which he states that there were other conditions also present in the left foot that contributed to claimant's loss of range of motion, that evidence was not before the Board when it issued the decision on appeal and, therefore, we will not consider it.