Matter of Laboccetta v Consolidated Edison Co. of N.Y., Inc. (2026 NY Slip Op 00646)

Matter of Laboccetta v Consolidated Edison Co. of N.Y., Inc.

2026 NY Slip Op 00646

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-24-1858
[*1]In the Matter of the Claim of Vincent Laboccetta, Appellant,
vConsolidated Edison Co. of New York, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 7, 2026

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Consolidated Edison Co. of New York, Inc. and another, respondents.

Fisher, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 29, 2024, which ruled, among other things, that claimant was entitled to a 20% schedule loss of use award for bilateral carpal tunnel syndrome, and (2) from a decision of said Board, filed January 23, 2025, which denied claimant's application for reconsideration and/or full Board review.
Claimant established a workers' compensation claim for bilateral carpal tunnel syndrome stemming from his job as an energy service representative. Following carpal tunnel release surgery performed on each hand, claimant was evaluated for permanency by Daniel Wilen, claimant's attending orthopedic surgeon, who opined that claimant had reached maximum medical improvement (hereinafter MMI) and that, based upon the range of motion (hereinafter ROM) measurements and continued postsurgical pain, tenderness and swelling, that claimant suffered a 30% schedule loss of use (hereinafter SLU) of each wrist. Carl Weiss, the orthopedic consultant for the employer's workers' compensation carrier, also examined claimant for permanency and agreed that MMI had been reached; however, based upon his ROM measurements, conduction of a positive Tinel test and review of claimant's medical records, Weiss concluded that, in accordance with the 2018 New York Workers' Compensation Guidelines for Determining Impairment (hereinafter the impairment guidelines), claimant sustained a 20% SLU of both wrists.
Following a hearing and the submission of deposition testimony from both orthopedic surgeons, the Workers' Compensation Law Judge (hereinafter WCLJ), among other things, credited Wilen's opinion and found that claimant sustained a 30% SLU of both wrists. Upon administrative appeal, the Workers' Compensation Board, in a decision filed October 29, 2024, found that Wilen's medical opinion was not supported by the ROM findings and did not properly apply the impairment guidelines. Further, the Board found that Weiss had properly applied the impairment guidelines in reaching an SLU conclusion, credited that opinion and, as such, modified the WCLJ's decision by, among other things, finding that claimant sustained a 20% SLU of each hand. Claimant's subsequent application for reconsideration and/or full Board review was denied by the Board in a decision filed January 23, 2025. Claimant appeals from both Board decisions.
We affirm. "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determinations in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of James v Premier Home Health Care, 232 AD3d 1017, 1018 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Brooks v New York City Tr. Auth., 234 AD3d 1072, 1074 [3d Dept 2025]). Furthermore, "the Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage [*2]to be assigned to a specific injury, and, to that end, the Board is free to accept or reject portions of a medical expert's opinion" (Matter of Zuhlke v Lake George Cent. Sch. Dist., 220 AD3d 1028, 1029 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Amato v Patchogue Supermarkets LLC, 232 AD3d 970, 972 [3d Dept 2024]; Matter of Harmon v Office of Children & Family Servs., 206 AD3d 1214, 1215 [3d Dept 2022]).
In crediting Weiss' medical opinion, the Board found that Weiss properly applied the impairment guidelines in reaching his medical conclusion that claimant sustained a 20% SLU. To that end, the impairment guidelines provide, as is relevant here, that carpal tunnel syndrome is a special consideration that has an enumerated SLU value and, although "[o]ther deficits may be added when specified or when no schedule value is provided . . . , the maximum [SLU] value cannot exceed the value of ankylosis," except in specific circumstances that are not present here (New York Workers' Compensation Guidelines for Determining Impairments § 3.5 at 25 [2018]). The impairment guidelines direct that value for carpal tunnel syndrome as a special consideration can be determined with reference to section 10.3 (A) (see New York Workers' Compensation Guidelines for Determining Impairments § 3.5 [6] at 25 [2018]). Section 10.3 (A) notes that carpal tunnel syndrome relates to the median nerve, which "is the most common of peripheral nerve entrapment syndromes in the upper limb," and recognizes that symptoms may include atrophy, tingling and numbness, weakness and positive Tinel's test (New York Workers' Compensation Guidelines for Determining Impairments § 10.3 [A] at 56 [2018]). According to the impairment guidelines, carpal tunnel syndrome "with or without decompression [of the median nerve] is usually given a schedule loss of the hand, which usually averages 10-20% loss of use" (New York Workers' Compensation Guidelines for Determining Impairments § 10.3 [A] at 56 [2018]).
Weiss testified that, upon examination, claimant presented with mild tenderness, positive Tinel's sign and mild decrease ROM in dorsiflexion, volar flexion and supination in both wrists. No atrophy of claimant's hands was found by either orthopedic surgeon, however, Weiss testified that claimant reported weakness, numbness and tingling of the wrists. Based upon the foregoing, Weiss testified that a 20% SLU, which is consistent with and at the top of the SLU range provided by the impairment guidelines for carpal tunnel syndrome, was appropriate, and that there were no additional findings warranting an increase or deviation from the SLU set forth by the impairment guidelines.
We are unpersuaded by claimant's contention that Weiss' testimony and medical report are inherently inconsistent. Specifically, claimant asserts that the 75% loss of radial lateral ROM documented by Weiss is purportedly inconsistent with his testimony that the loss of ROM was mild. Weiss acknowledged [*3]in his testimony that claimant's radial deviation represents a significant decrease in ROM but explained that it was an "unimportant" ROM measurement in assessing the overall SLU for carpal tunnel syndrome. Moreover, the impairment guidelines specifically provide that deficiencies in the radial-lateral motion are not considered in determining the percentage loss of use of the wrist but may be separately considered if other findings in the wrist are normal (see New YorkWorkers' Compensation Guidelines for Determining Impairments § 3.4 at 24 [2018]). The medical reports from both orthopedic surgeons reflect that the ROM measurements of claimant's wrists were not normal but revealed various deficits in ROM measurements, which, pursuant to the impairment guidelines, rendered consideration of deficiency in claimant's radial-lateral motion unnecessary. In rejecting Wilen's medical opinion, the Board noted that the 30% SLU assessed by Wilen was not supported by the ROM findings or by the proper application of the impairment guidelines for a carpal tunnel syndrome diagnosis. In view of the foregoing, and contrary to claimant's contention, substantial evidence supports the Board's determination, as the Board was entitled to credit the 20% SLU opinion of Weiss, which was consistent with the proper application of the impairment guidelines for carpal tunnel syndrome (see Matter of Wright v Elmer W. Davis Inc., 231 AD3d 1225, 1229 [3d Dept 2024]; Matter of Zuhlke v Lake George Cent. Sch. Dist., 220 AD3d at 1030).
Finally, we have reviewed claimant's challenge to the denial of his application for reconsideration and/or full Board review and are unpersuaded that the Board failed to consider his challenge to the credibility of the medical opinion and SLU assessment of Weiss and find no abuse of discretion in the Board denying said application (see Matter of Zuhlke v Lake George Cent. Sch. Dist., 220 AD3d at 1030; Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1280 [3d Dept 2023]). To the extent that claimant's remaining contentions are not specifically addressed, they are without merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.